UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| GLENN RAY ALCORN | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5:18-455-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, FEDERAL MEDICAL CENTER | ) | **MEMORANDUM OPINION** |
| LEXINGTON, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Glenn Ray Alcorn has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. [R. 1, 5].

However, as currently drafted, Alcorn's petition is subject to summary denial for failure to adequately articulate a claim for relief. Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

Here, Alcorn's 3-page, bare-bones petition fails to allege facts sufficient to state a claim for relief, nor does it provide any substantive legal argument in support of his claims. In his petition, Alcorn states that his "claims have just recently been determined under **Cite: United States v. Welch, 194 L.Ed.2d 387 (2016)** that his prior convictions cannot be used to trigger the provisions under 'The Career Criminal Act,' as they are either non-violent and now classified a 'Misdemeanors.'" [R. 1 at p. 2] He further states that "The State of California under Proposition #64 have reduced all minor felony convictions to misdemeanors, as petitioner was sentenced under 'The Civil Addict Program' Case No. ATPMA-01208301 now classified a misdemeanor." [*Id*.] However, no further information or details are provided regarding the imposition of his sentence that he is now challenging, or the underlying convictions purportedly use to enhance that sentence. Thus, Alcorn fails to allege facts sufficient to establish that he is entitled to relief.

Moreover, if a federal prisoner wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under

§ 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). Establishing that the § 2255 remedy is inadequate or ineffective is a high burden for a petitioner to meet, as "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings

clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

Here, Alcorn makes no effort to establish that he satisfies any of the *Hill* criteria. Moreover, the case on which he purports to rely (indeed, the only case cited in his petition), *Welch v. United States*, \_\_ U.S. \_\_, 136 S. Ct. 1257 (2016), is not a retroactively applicable decision of statutory interpretation establishing that a prior conviction used to enhance Alcorn's sentence no longer qualifies as a predicate offense. Rather, the *Welch* decision addressed the retroactivity of the United States Supreme Court's prior holding in *Johnson v. United States*, \_\_ U.S. \_\_, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which concluded that the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) was void for vagueness and hence was unconstitutional. In *Welch*, the Supreme Court held that its decision in *Johnson* was retroactively applicable to cases on collateral review for purposes of 28 U.S.C. § 2255(h)(2).

However, *Johnson* is a decision of *constitutional* law. Thus, Alcorn could, and therefore must have, asserted any claim under *Johnson* in a second or successive motion under § 2255. *In re: Watkins*, 810 F.3d 375 (6th Cir. 2015). Given the availability of a remedy to assert a *Johnson* claim through a motion filed under § 2255, relief under § 2241 is unavailable. Cf. *Neuman v. Butler*, No. 6: 17-CV-3-DLB, 2017 WL 3723660, at *3 (E.D. Ky. Aug. 29, 2017), *aff'd*, No. 17-6100 (6th Cir. May 21, 2018); *Lose v. Merlak*,

No. 4: 16-CV-1532, 2016 WL 4079726, at *1 (N.D. Ohio Aug. 1, 2016).

For all of these reasons, Alcorn may not bring his claim based on *Johnson* and *Welch* in a petition under § 2241. Thus, his petition will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. The petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. All pending requests for relief are **DENIED AS MOOT**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 2nd day of August, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge